```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

ANTONIO T. SIMMONS,
    Petitioner,


    v.                                       CIVIL ACTION NO.
                                                 12-10515-RGS

J. GRONDOLSKY,
    Respondent.


## REPORT AND RECOMMENDATION RE:
## DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY,
## FOR SUMMARY JUDGMENT
## (DOCKET ENTRY # 8)

### October 18, 2012

**BOWLER, U.S.M.J.**

    Pending before this court is a motion to dismiss or, in the alternative, for summary judgment filed by respondent J. Grondolsky ("respondent"), Warden at the Federal Medical Center ("FMC") in Devens, Massachusetts. (Docket Entry # 8). Respondent seeks dismissal or summary judgment of the above styled 28 U.S.C. § 2241 ("section 2241") petition filed by petitioner Antonio T. Simmons ("petitioner"), an inmate at FMC. (Docket Entry # 1). Respondent's motion, referred to this court for a report and recommendation, is therefore ripe for review.

BACKGROUND

On November 3, 2009, the United States District Court for the Southern District of Ohio ("Ohio district court") sentenced petitioner to 60 months imprisonment for conspiracy to possess with intent to distribute and to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and 846. (Docket Entry # 9, Ex. 2). Acting on the Ohio district court's recommendation, the Bureau of Prisons ("BOP") placed petitioner in a Residential Drug Abuse Treatment Program ("RDAP"). (Docket Entry # 9, Ex. 1 & 2).

Prior to his current sentence, on April 24, 2007, petitioner pleaded guilty to one count of aggravated assault. (Docket Entry # 9, Ex. 6). The Common Pleas Court of Franklin County, Ohio ("Ohio state court") sentenced petitioner to three years of community control. (Docket Entry # 9, Ex. 7). Under the above mentioned Ohio statute, aggravated assault could be committed under two different prongs:

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, . . . shall knowingly: (1) cause serious physical harm to another . . .; [or] (2) cause or attempt to cause physical harm to another . . . by means of a deadly weapon . . ..

Ohio Rev. Code Ann § 2903.12 ("section 2903.12").

On July 6, 2010, the Designation and Sentence Computation Center ("DSCC") of the BOP determined that petitioner was

precluded from receiving the benefit of early release under 18 U.S.C. § 3621(e) ("section 3621(e)") due to the prior conviction for aggravated assault in the Ohio state court. (Docket Entry # 9, Ex. 3). Aggravated assault is one of the offenses that precludes an inmate's eligibility for early release under section 3621(e). See 28 C.F.R. § 550.55(b)(4)(iv) ("section 550.55"). To determine which state offenses are equivalent to the offense of aggravated assault in section 550.55, the BOP compares the elements of the state statute under which the inmate was convicted with the FBI's Uniform Crime Reporting Program ("UCR"). (Docket Entry # 9, Ex. 1). The BOP examines the elements of the state statute "[b]ecause state convictions may show a considerable range in the degree of violence used in the offense." Drug Abuse Treatment Programs: Early Release Consideration, 60 Fed.Reg. 27692-01 (May 25, 1995). The FBI's UCR defines aggravated assault as an "unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury." Applying the FBI's UCR definition, the BOP determined that the elements of subsection (A)(1) of the Ohio statute qualify as a precluding offense, while the elements of subsection (A)(2) do not qualify as a precluding offense. (Docket Entry # 9, Ex. 1).

Petitioner appealed the decision of the FMC Warden to the BOP's Regional Director. (Docket Entry # 2). The Regional Director denied the appeal because, having been convicted and sentenced for aggravated assault by the Ohio state court, petitioner was precluded from early release. (Docket Entry # 2). Petitioner proceeded to the next level of administrative review by filing an appeal with the Central office of the BOP. (Docket Entry # 2, p. 3).

More than 60 days from the date of petitioner's filing an appeal have passed without receiving an answer. Having fully exhausted his administrative remedies, petitioner filed this section 2241 petition challenging the BOP's determination of his ineligibility in the section 3621(e) early release program as an abuse of discretion, arbitrary and capricious and incorrect and arguing that his due process rights were violated.

## DISCUSSION

This court must determine whether the BOP's determination that petitioner was ineligible for early release was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Administrative Procedures Act, 5 U.S.C. § 706(2)(A) ("APA"). Petitioner argues that the BOP's decision denying him early release upon completion of the RDAP

was arbitrary and capricious in violation of the APA because there is insufficient evidence that he was convicted under the precluding prong, subsection (A)(1) of the Ohio statute.

Section 706 of the APA precludes judicial review of individual determinations under section 3621(e).  18 U.S.C. § 3625 (stating that sections 554-55 and 701-06 of the APA "do not apply to the making of any determination, decision, or order" under sections 3621-3624); Fox v. Lappin, 409 F.Supp.2d 79, 89 (D.Mass. 2006).  The BOP's determination of petitioner's ineligibility for early release falls under section 3621(e).

While this court may not review the individual decision of the BOP to determine that petitioner is ineligible, it may review the BOP's policy regarding eligibility of inmates with prior convictions for aggravated assault to determine if it is contrary to the BOP's statutory authority under section 3621(e).  Iacaboni v. United States, 251 F.Supp.2d 1015, 1036 (D.Mass. 2003) (BOP rulemaking activities and erroneous interpretations of statutory authority vis-à-vis formal regulations and informal program statements are reviewable).  "The scope of review under the arbitrary and capricious standard is narrow and [the c]ourt is not to substitute its judgment for that of the agency, even if it disagrees with the agency's conclusions." River Street Donuts, LLC v. Napolitano, 558 F.3d 111, 114 (1st Cir. 2009).

Furthermore, an agency's decision is presumed to be valid if a reasonable basis exists for its decision.  Id.

As an incentive to federal prisoners who need substance abuse treatment, Congress enacted section 3621(e).  See Grove v. Federal Bureau of Prisons, 245 F.3d 743, 745 (8th Cir. 2001). Section 3621(e) gives the BOP the discretion to reduce a prisoner's incarceration period by up to one year for a prisoner convicted of a nonviolent offense who successfully completes a substance abuse treatment program.[1]  Id.; Smith v. Reese, 2001 WL 530548 at *1 (D.Minn. May 17, 2001).

Section 2241 permits judicial review of challenges to the execution of a sentence after exhaustion of administrative remedies.  Jimenez v. Warden, FDIC, 2001 WL 670033 at * 3 (D.Mass. June 8, 2001).  Habeas corpus relief under section 2241 is available when a prisoner demonstrates that he "is in custody in violation of the Constitution or laws or treaties of the

---

[1]
In pertinent part, the statue reads as follows:

**(2) Incentive for prisoners' successful completion of treatment program. --** . . .
   **(B) Period of custody.** -- The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

United States." 28 U.S.C. § 2241(c)(3). For petitioner to prevail on his claim that he was arbitrarily denied a sentence reduction after completing RDAP, he must first show that he is statutorily entitled to consideration by the BOP for a sentence reduction under 18 U.S.C. § 3621(e).

In 2009 the BOP issued the pertinent regulation, section 550.55, and program statement 5162.04, which tracks the language of subsection (b)(4)(iv) of the regulation. The regulation and the program statement emanate from the BOP's authority as "the agency empowered to administer the early release program," to implement the early release program under the relevant statute, section 3621(e). Lopez v. Davis, 531 U.S. 230, 242 (2001). Where, as here, the agency fills the statutory gap, all the court must decide is whether the BOP's action in enacting the regulation "is reasonable in light of the legislature's revealed design."[2] Id.; accord Todd v. Scibana, 70 F.Supp.2d 779, 783 (D.Mich. 1999) (court defers to agency regulation adopted pursuant to statute if "agency interpretation is based on a permissible construction of the statute"); see also

---

[2] The majority opinion in Lopez found that, "Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not intended any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so." Lopez v. Davis, 531 U.S. at 242.

Cooker v. Morris, 1996 WL 608553 at *2 (D.N.J. Oct. 17, 1996) (noting that agency regulations are upheld unless arbitrary and capricious and citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984)).

As established by the Supreme Court in Lopez, the BOP "may categorically exclude prisoners based on their pre-conviction conduct." Lopez v. Davis, 531 U.S. at 244. The offense to which petitioner pleaded guilty at the Ohio state court, is listed as a precluding offense under section 550.55(b)(4)(iv).

In reviewing an agency's interpretation of a statute, the court must first determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. at 842. If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. If Congress' intent is not clear however then the statute is ambiguous and the question for the court becomes "whether the agency's answer is based on a permissible construction of the statute." Id. "Substantial deference" is given to the agency's reasonable interpretation of a statute Congress has charged it with administering unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . . *may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The legislative history indicates that part of the reason in passing section 3621 was to reduce the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug treatment "while at the same time ensuring that persons likely to commit violent crimes do not receive early release." Stiver v. Meko, 130 F.3d 574, 577 (3rd Cir. 1997); accord Magning v. Beeler, 110 F.Supp.2d 338, 345 (D.N.J. 2000) (same); see also Martinez v. Flowers, 164 F.3d 1257, 1260 (10th Cir. 1998) (Congress' goal of limiting early release to nonviolent offenders). Other than alluding to the BOP's discretionary authority in awarding early release, the legislative history does not provide any further insight into whether the BOP could categorically exclude certain inmates from early release. Accordingly, this court must determine whether the BOP's interpretation of section 3621(e) as applied to petitioner is a reasonable and permissible construction of the statute.

The BOP's interpretation of section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP

9

has construed this language to mean that inmates who have prior convictions for aggravated assault should not be rewarded with early release.  Therefore, section 550.55 represents a reasonable interpretation of section 3621(e).

To the extent petitioner is claiming that respondent abused its discretion by finding that petitioner's felony conviction of aggravated assault disqualified him from early release under section 550.55, this claim is without merit.  Under section 550.55, inmates who have a prior felony or misdemeanor conviction for aggravated assault are ineligible for early release.

The record does not indicate to which prong of the Ohio aggravated assault statute petitioner pleaded guilty.  The BOP gave petitioner an opportunity to present evidence that he had not been convicted under the precluding prong of Ohio's aggravated assault (knowingly causing serious physical harm to another) and instead had pleaded guilty to the non-precluding prong (knowingly causing or attempting to cause physical harm to another by means of a deadly weapon).  See Ohio Rev. Code Ann. § 2903.12(A)(1) and (A)(2).  Petitioner did not provide evidence to establish that he had been convicted under the non-precluding prong, i.e., subsection 2903.12(A)(2).  Instead, petitioner contends that his record shows there was no weapon used in committing the assault and the victim was not seriously harmed.

The absence of a weapon indicates a conviction under the precluding prong, subsection 2903.12(A)(1). Indeed, in the section 2241 petition petitioner states that his prior offense involved him "punch[ing] the victim in the foot and kick[ing] her in the buttock [sic] one time and push[ing] her out of [his] way . . . throwing things in the house."[3] (Docket Entry # 1). Such facts support a conviction under the precluding prong as opposed to the non-precluding prong of section 2903.12.

Given the absence of evidence that petitioner was convicted under the non-precluding prong, the BOP determined that petitioner's prior conviction for aggravated assault qualified as a conviction for aggravated assault as set forth in section 550.55(b)(4)(iv). Thus, the BOP denied petitioner early release under section 3621(e). In doing so, the BOP was properly acting within its broad discretionary authority pursuant to section 3621(e) and section 550.55, in determining that petitioner's prior felony conviction for aggravated assault rendered him ineligible for early release.

The categorical exclusion from eligibility for early release of inmates convicted of aggravated assault who cannot prove they were convicted in a state court under a non-precluding statute

---

[3] Signed under penalties of applicable laws relation to unsworn falsifications to authorities.

does not constitute an abuse of discretion, nor was it arbitrary and capricious. The fact that petitioner may not have engaged in the pre-conviction conduct of causing serious bodily harm and cannot prove he was convicted under the non-precluding prong does not mean that the categorical exclusion of his eligibility is an abuse of discretion, arbitrary and capricious entitling him to section 2241 relief.

There is also no due process violation. Petitioner submits that the BOP's decision that he is precluded from a sentence reduction upon completion of the RDAP constitutes a violation of his constitutional due process rights. Section 3621(e) provides that upon successful completion of the RDAP "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP]." 18 U.S.C. § 3621(e)(2)(b). The statute instructs that the BOP "may" reduce the sentence of a nonviolent offender who successfully completes the drug treatment program. See Lopez v. Davis, 531 U.S. at 241-48. As explained in Lopez, "federal prisoners do not become entitled to a sentence reduction upon their successful completion of a drug treatment program; the words 'may be reduced' do not mean 'shall be reduced.') Id.

"Courts have consistently held that 18 U.S.C. § 3621(e) does not create a liberty interest subject to constitutional

12

protection." Pizarro v. Chavez, 327 F.Supp.2d 131, 134 (D.P.R. 2004). Thus, petitioner's claim that the BOP violated his constitutional right to due process when it denied him a one year sentence reduction is unavailing.

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[4] that respondent's motion to dismiss (Docket Entry # 8) be **ALLOWED**.

>   /s/ Marianne B. Bowler
>   **MARIANNE B. BOWLER**
>   United States Magistrate Judge

---

[4] Any objection to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days of service of the objections. Failure to file objections within the specified time waives the right to appeal the order. United States v. Esoboza Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).